IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTIN EARL,

        Plaintiff,

v.                                                             Case No. 25-cv-2288-JWB

BRAD ALAN THORNTON, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on several motions by Defendants, namely a motion to compel arbitration (Doc. 6), a motion to dismiss (Doc. 23), and a motion for sanctions against the Plaintiff. (Doc. 27.) The motions are fully briefed and ripe for decision. (Docs. 6, 8, 10, 24, 18, 19, 25, 23, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35.)[1] The motion to dismiss is granted for failure to state a claim, the motion for sanctions is denied, and the motion to compel arbitration is denied as moot for the reasons stated herein.

**I.    Facts**

The following facts are taken from the complaint (Doc. 1) and are presumed to be true for purposes of deciding the motion to dismiss. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("a judge ruling on a motion to dismiss must accept all allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven"). In addition to the

---

[1] Plaintiff in this case has filed numerous pro se documents that indirectly respond to Defendants' motions while also questioning the validity of the undersigned to adjudicate this case, even though Plaintiff voluntarily chose to file his case in this district. (*See* Docs. 10, 24, 18, 25, 30, 31, 32, 34, 35.) Plaintiff's actions also include filing a second simultaneous case in this district in which he attempted to raise the same request for writ of garnishment which he previously argued in this case. *See In Re Martin Earl - Certificate of Exigent Circumstances*, Case No. 2:25-mc-00205-DDC-ADM (D. Kan.). The court will construe these numerous, pro se documents as responses to Defendants' motions and will evaluate the pending motions in light of such construction.

facts from Plaintiff's complaint (Doc. 1), Plaintiff has filed a supplement to his complaint which contains a non-disclosure form regarding the relationship between Plaintiff and Defendant Balicki (as the representative of Mars Action Group, LLC).[2] (Doc. 4)

Plaintiff, Martin Earl, resides in Kansas City, Kansas. Along with his business partner Mr. Gil Beer of Recoil Fit, LLC,[3] Plaintiff began a project known as Legion Rebound Training, LLC. (Doc. 1-1, 4.) He then hired Mars Action Group, LLC (with Defendant Balicki acting as its representative), and the parties signed a non-disclosure form. (Doc. 4.) In May 2025, Plaintiff and Mr. Beer had unpaid bills due to Defendant Balicki and unpaid attorney's fees due to Defendant Thornton, even though Plaintiff had already paid Defendant Thornton approximately $1,500. (Doc. 1-1.) Defendant Thornton then sent Plaintiff and Mr. Beers an offer to compromise on May 22, 2025, which discounted the currently due amount under the contract by 50%. This offer reduced the outstanding balance owed to Mars Action Group, LLC and Defendant Balicki to $11,366.25 and outstanding legal fees owed to Defendant Thornton to $974.04. (*Id.*)

On May 28, 2025, Plaintiff filed the present action demanding money damages for "[a]mounts paid for goods and services that were not up to standards or marketability." (Doc. 1 at 4.) Although Plaintiff does not state any clear claims in his complaint, Plaintiff generally alleges that Defendant Thornton engaged in unethical billing behavior (which would be a legal malpractice claim) and defamation. (*Id.* at 8.) Upon being served, Defendants filed a motion to compel

---

[2] The court notes that Defendant Thornton attached an affidavit to his motions to compel arbitration and stay proceedings which sets forth additional facts regarding the parties' relationship. (Doc 12.) These facts include full details of the business arrangements and copies of the ratified contracts underlying this claim. (*Id.*) However, the court cannot consider evidence outside the complaint in ruling on a motion to dismiss for failure to state a claim. Therefore, the court does not consider this affidavit. The court further notes that Defendants now assert that the motion to compel arbitration is moot considering the filing of a motion to dismiss. (Doc. 26.)

[3] Defendants allege that Mr. Beer is an indispensable party, and that Plaintiff has failed to join him under Fed. R. Civ. P. 19. This may be an accurate contention; however, given the disposition of the case as set out *infra*, the court does not need to address this argument.

arbitration pursuant to the ratified representation agreement and memorandum of agreement. (Doc. 6.) Since that point, Plaintiff has filed numerous pro se documents asserting that there are no judges with Article III authority to adjudicate this case in the district court and also demanding that a writ of garnishment be entered against Defendants according to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions in the Federal Rules of Civil Procedure. (Docs. 10, 24, 18, 20, 25, 30, 31, 32, 37.) Given these numerous and nonsensical filings, Defendants filed a motion to dismiss with prejudice and additionally filed a motion for sanctions under Rule 11. (Doc. 23, 27, 28.)

## II.     Standard

Motion to dismiss under 12(b)(1) standard: Federal district courts have original jurisdiction of civil actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). To dismiss a complaint brought in federal court under 28 U.S.C. § 1332 for lack of jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Adams v. Reliance Standard Life Ins*. Co., 225 F.3d 1179, 1183 (10th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272 (10th Cir.1998).

Motion to dismiss under 12(b)(6) standard: To withstand a motion to dismiss under Rule

12(b)(6), the complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins*, 519 F.3d at 1247. At the motion to dismiss stage, the court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Albers v. Bd. Of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**III. Analysis**

As an initial matter, Defendants have filed a notice of litigation position (Doc. 26), in which they request the court to rule on the motion to dismiss (Doc. 23) rather than the motion to compel arbitration (Doc. 6). They argue that the motion to dismiss supersedes the motion for arbitration and renders the arbitration motion moot. (Doc. 26 at 1.) Therefore, due to the following ruling, the court denies Defendants' motion for arbitration as moot.

**A. Motion to Dismiss**

Defendants move to dismiss Plaintiff's claims for failure to meet the amount in controversy requirement under Federal Rule of Civil Procedure 12(b)(1) and a failure to allege a cognizable claim under Rule 12(b)(6). (Doc. 23.) When a court is faced with a motion to dismiss invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 682 (1946). "[F]ederal courts are courts of limited subject-matter jurisdiction," and

4

they "may only hear cases when empowered to do so by the Constitution and by act of Congress." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (quotation omitted). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the court must dismiss an action if at any point in time it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Here, Defendants move to dismiss for lack of subject matter jurisdiction via a facial attack on Plaintiff's ability to satisfy the amount in controversy requirement of 28 U.S.C. § 1332. Therefore, the court will accept Plaintiff's well-pled allegations as true and will consider whether they establish subject matter jurisdiction. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020). Plaintiff makes a jurisdictional allegation that he suffered damages for "[a]mounts paid for goods and services that were not up to standards or marketability appox [sic] $120,000 USA." (Doc. 1 at 4.) Although the specific reasons for this damage amount are not pled with particularity, this jurisdictional amount, as pled by the pro se Plaintiff, is entitled to a liberal construction and construction in the light most favorable to Plaintiff. Therefore, the court finds that Plaintiff plausibly alleges an amount in controversy greater than $75,000 in such a way to survive a motion to dismiss under Rule 12(b)(1), and so the court now moves to reviewing the merits of the case under Rule 12(b)(6).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Plaintiff must file a complaint which contains sufficient factual matter to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). Merely listing claims and asserting conclusions are not sufficient for purposes of deciding whether claims have enough plausibly pled facts. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). Here, Plaintiff's complaint fails to allege any facts which would support Plaintiff's general claims for legal malpractice or defamation against Defendant Thornton and fails to state any cause of action at all against Defendant Balicki. The complaint is devoid of any facts which could show a breach of duty for legal malpractice or any false statements which were communicated to a third party to trigger a defamation claim. Contorting even the most liberal construction of his complaint, Plaintiff could potentially allege fraud in the settlement letter attached to the complaint in Exhibit 1. However, there are no facts pled in Plaintiff's complaint to support this hypothetical construction, and liberally construing pro se filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff later filed an "Affirmation of Truth." (Doc. 32.) This affidavit is confusing, at best, and in this document, Plaintiff seems to offer new facts in support of his Complaint to support fraud or malpractice claims. It appears that Plaintiff believes that he and his business partner were fraudulently induced into signing contracts with both Defendants. (Doc. 32 at 2, ¶ 3.) The fraud seems to be based on Defendants' requirement that Plaintiff execute the contracts without allowing him to qualify his signature with the phrase "without prejudice UCC 1-308" added after it. (Doc. 32 at 3, ¶¶ 5, 7.) Plaintiff cannot attempt to amend his complaint by filing an affidavit. The proper vehicle to add facts and claims is filing an amended complaint under Rule 15. *Menefee v. Werholtz*, No. 08-3314-SAC, 2009 WL 311108, at *6 (D. Kan. Feb. 9, 2009). Nevertheless, even if the allegations in Plaintiff's "Affirmation of Truth" were considered by the court, the allegations in

the affidavits are "completely conclusory" and would not survive the pleading standard required of complaints. *Id.* at *7.

Therefore, given that Plaintiff fails to plausibly allege sufficient factual matter to state a claim to relief, Defendants' motion to dismiss under Rule 12(b)(6) is granted.

### B. Motion for Sanctions

Defendant Thornton seek attorney's fees of $8750 as a sanction under Federal Rule of Civil Procedure 11 to reimburse his time spent defending this frivolous matter. (Docs. 27 at 8, 27-1 at 2.) Under Rule 11, a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The imposition of attorney's fees as a sanction is punitive in nature, and any award of fees and costs must consider the factors set forth in *White v. General Motors Corp.*, 908 F.2d 675 (10th Cir.1990).[4] *See Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1259 (10th Cir. 2015). In this case, Defendant does not conduct any analysis of the *White* factors, but instead argues that "[g]iven the totality of the circumstances, including (1) the preexisting agreements with arbitration provisions, (2) the absence of any meaningful legal claim, (3) the failure to name an indispensable party, (4) the use of immaterial and prejudicial allegations, and (5) Plaintiff's refusal to withdraw the Complaint after being given ample opportunity to do so, sanctions are warranted." (Doc. 27 at 7–8.) Plaintiff's response to this motion is simply refiling Defendant's motion with "Refusal for Cause" written in red pen on every page, but not otherwise addressing the arguments made

---

[4] These factors include: (1) reasonableness of the fees sought, as determined through a lodestar calculation; (2) whether the amount imposed is the minimum amount that will serve to adequately deter the undesirable behavior; (3) whether the offender is able to pay the sanction; and (4) any other factors, "such as the offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved, and other factors as deemed appropriate in individual circumstances." *White*, 908 F.2d at 684–85.

7

therein.[5]  (Doc. 30 at 21–33.)

A court has the "inherent power to impose a variety of sanctions to regulate its docket, promote judicial efficiency and deter frivolous filings." *Resolution Tr. Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)).  In imposing such sanctions, the court must exercise caution and comply with due process requirements. *Chambers*, 501 U.S. at 50.  Here, the court finds no reason to sanction Plaintiff based upon Defendant's allegations.  Rule 11 is not a fee-shifting statute.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 409 (1990).  Although Plaintiff's claims are plausibly frivolous, this case has not imposed a large cost of time and expense on the Defendants such as would warrant a reimbursement.  *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1158 (10th Cir. 1991) ("The presence of a single frivolous or groundless claim, however, may not always mandate Rule 11 sanctions.  For example, a frivolous claim easily disposed of by the opposing party and the court might not warrant sanctions").  Even though Plaintiff's response of writing "Refusal for Cause" on Defendants' motion is a legally deficient and irrelevant action, "[s]anctions are an extreme remedy and [Defendants have] not shown that the facts warrant such a severe response." *Waterman v. Tippie*, No. 18-3092-JWB-KGG, 2021 WL 3510203, at *3 (D. Kan. Aug. 10, 2021). Therefore, Defendant's motion for sanctions against Plaintiff is denied.

## IV.   Conclusion

Defendants' motion dismiss (Doc. 23) is GRANTED FOR FAILURE TO STATE A CLAIM.  Defendant Thornton's motion for sanctions against Plaintiff is DENIED.  Defendants'

---

[5] The court notes that refiling material with "refusal for cause" written in red pen on every page is not a valid legal theory nor is it a proper legal response.  *See Kenneth v. Machol*, No. 09-CV-00413-WYD-BNB, 2009 WL 1244179, at *2 (D. Colo. May 5, 2009) (holding legal theory of "refusal for cause" is not legally sustainable); *Countrywide Home Loans, Inc. v. Arb. All. Int'l, LLC*, No. 204CV152 TS, 2004 WL 987131, at *2 (D. Utah Apr. 14, 2004) (holding "refusal for cause" filings are "entirely non-responsive and are, further, redundant, immaterial and impertinent").

motion to compel arbitration (Doc. 6) and Plaintiff's motion for a writ of garnishment (Doc. 37) are both DENIED AS MOOT.

IT IS SO ORDERED.  Dated this 6th day of August, 2025.

                                                __s/ John W. Broomes_____
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE